Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ANGEL ORTIZ, EDGAR CISNEROS and
HENRI MITCHELLIN SAPON,

                *Plaintiffs*,

-against-

ATLANTIC EAST GROUP, INC. D/B/A
FAYROOZ CAFE & HOOKAH LOUNGE,
SEBASTIAN ROSARIO and SHAMIMA
HUQ

                *Defendants*.
-------------------------------------------------------X

Civil Action No.:  21-cv- 5740

**COMPLAINT**
**JURY TRIAL DEMANDED**

    ANGEL ORTIZ, EDGAR CISNEROS and HENRI MITCHELLIN SAPON ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq. and as against SEBASTIAN ROSARIO, SHAMIMA HUQ and ATLANTIC EAST GROUP, INC. D/B/A FAYROOZ CAFE & HOOKAH LOUNGE (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.  Plaintiffs are former employees of ATLANTIC EAST GROUP, INC. D/B/A FAYROOZ CAFE & HOOKAH LOUNGE. at 28-08 Steinway Street Astoria, NY 11103 that was owned and operated by Defendants SEBASTIAN ROSARIO, SHAMIMA HUQ and ATLANTIC EAST GROUP, INC. D/B/A FAYROOZ CAFE & HOOKAH LOUNGE.

2.  Defendants own, operate, and/or control the hookah bar located at 28-08 Steinway Street Astoria, NY 11103.

3.  Plaintiff Ortiz was employed as a cook.

1

4. Plaintiffs Cisneros and MITCHELLIN were employed as servers, bartenders, hookah attendants and bussers.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week without appropriate minimum wages and overtime compensation for the hours they worked each week over 40 hours.

6. Further, Defendants failed to provide Plaintiffs with the proper wage notices and statements under the New York Labor Laws.

7. Plaintiffs now bring this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs along with claims arising under the New York City Human Rights Law.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

10. Plaintiff ANGEL ORTIZ ("Plaintiff ORTIZ") is an adult individual residing in Queens County, New York.

11. Plaintiff EDGAR JAIR CISNEROS ("Plaintiff CISNEROS") is an adult individual residing in Queens County, New York.

12. Plaintiff HENRI MITCHELLIN ("Plaintiff MITCHELLIN") is an adult individual residing in Queens County, New York.

13. ATLANTIC EAST GROUP, INC. D/B/A FAYROOZ CAFE & HOOKAH LOUNGE. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 28-08 Steinway Street Astoria, NY 11103.

14. Defendant SEBASTIAN ROSARIO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SEBASTIAN ROSARIO is sued individually in his capacity as an owner, officer and/or agent of Defendant ATLANTIC EAST GROUP, INC. D/B/A FAYROOZ CAFE & HOOKAH LOUNGE. ('Defendant Corporation').

15. Defendant SEBASTIAN ROSARIO possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

16. Defendant SEBASTIAN ROSARIO determined the wages and compensation of the employees of Defendants, including Plaintiffs.

17. Defendant SEBASTIAN ROSARIO hired Plaintiffs.

18. Defendant SEBASTIAN ROSARIO established the schedule of the Plaintiffs and other employees.

19. Defendant SEBASTIAN ROSARIO maintained employee records.

20. Defendant SEBASTIAN ROSARIO had the authority to hire and fire Plaintiffs

21. Defendant SEBASTIAN ROSARIO disciplined Plaintiffs

22. Defendant SEBASTIAN ROSARIO assigned Plaintiffs work tasks

23. Defendant SEBASTIAN ROSARIO issued Plaintiffs' pay

24. Defendant SEBASTIAN ROSARIO fielded Plaintiffs' complaints about work and pay.

25. Defendant SEBASTIAN ROSARIO discharged Plaintiffs.

26. Defendant SHAMIMA HUQ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SEBASTIAN ROSARIO is sued individually in her capacity as an owner, officer and/or agent of Defendant ATLANTIC EAST GROUP, INC. D/B/A FAYROOZ CAFE & HOOKAH LOUNGE. ('Defendant Corporation').

27. Defendant SHAMIMA HUQ possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

28. Defendant SHAMIMA HUQ determined the wages and compensation of the employees of Defendants, including Plaintiffs.

29. Defendant SEBASTIAN ROSARIO discharged Plaintiffs.

30. Defendant SHAMIMA HUQ established the schedule of the Plaintiffs and other employees.

31. Defendant SHAMIMA HUQ maintained employee records.

32. Defendant SHAMIMA HUQ had the authority to hire and fire Plaintiffs

33. Defendant SHAMIMA HUQ disciplined Plaintiffs

34. Defendant SHAMIMA HUQ assigned Plaintiffs work tasks

35. Defendant SHAMIMA HUQ issued Plaintiffs' pay

36. Defendant SHAMIMA HUQ fielded Plaintiffs' complaints about work and pay.

37. Defendant SHAMIMA HUQ discharged Plaintiffs.

38. Defendants are associated and joint employers, act in the interest of each other with respect to the hookah bar located at 28-08 Steinway Street Astoria, NY 11103.

39. Defendants share common operations, common promotional materials and acted jointly in the operation of the hookah bar located at 28-08 Steinway Street Astoria, NY 11103.

40. Each Defendant possessed substantial control over Plaintiffs' working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiffs.

41. Defendants jointly employed Plaintiffs within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

42. In the alternative, Defendants constitute a single employer of Plaintiffs.

43. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

44. Defendants are each experienced business owners in New York City and have knowledge, and/or should have knowledge, of the labor laws.

45. Upon information and belief, in each year from 2013 to 2020, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

46. Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiffs and Defendants' employees handled and purchased for the business cleaning items, cleaning chemicals, tobacco, hookahs, furniture, foods, charcoal, tongs and other supplies that originated out of state.

47. Plaintiffs were individually engaged in commerce by virtue of their role interacting with interstate businesses.

48. Defendants regularly employed more than 11 people throughout each year during the relevant time period.

*Plaintiff ANGEL ORTIZ*

49. Throughout his employment with defendants, Plaintiff ORTIZ was employed as a cook and general laborer at the hookah bar located at 28-08 Steinway Street Astoria, NY 11103.

50. Plaintiff ORTIZ regularly handled goods in interstate commerce, such as cleaning supplies, foods, tobacco products and other supplies produced and originating from outside the state of New York.

51. Plaintiff ORTIZ' work was supervised and his duties required neither discretion nor independent judgment.

52. Plaintiff ORTIZ regularly worked in excess of 40 hours per week.

53. Plaintiff ORTIZ was employed by the Defendants from 2009 until the end of November 2020.

54. Plaintiff ORTIZ typically worked between six (6) to seven (7) days a week at the following typical and approximate schedule from 2:00 P.M until between 12:00 A.M. and 2:00 A.M.

55. The above represents a fair approximation of Plaintiff ORTIZ' schedule and there were instances when Plaintiff worked more or less than that typical schedule depending on the needs to Defendants' business.

56. From 2013 until the end of his employ, Plaintiff ORTIZ was paid a flat day rate of $100.00.

57. Plaintiff ORTIZ was never paid a premium for his hours worked over forty (40) in a week.

58. Such failure to pay overtime premiums and minimum wages was willful and malicious

59. Defendants permitted Plaintiff ORTIZ infrequent breaks for lunch that were typically less than 20 minutes before being forced to return to work tasks.

60. No proper notification was given to Plaintiff ORTIZ regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

61. Defendants never provided Plaintiff ORTIZ with each payment of wages a proper statement of wages, as required by NYLL 195(3).

62. Defendants failed to provid Plaintiff ORTIZ all of the proper and complete notices in English and in Spanish (Plaintiff ORTIZ' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

*Plaintiff EDGAR CISNEROS*

63. Throughout his employment with defendants, Plaintiff CISNEROS was employed as a hookah assistant, busser and general laborer at the hookah bar located at 28-08 Steinway Street Astoria, NY 11103.

64. Plaintiff CISNEROS regularly handled goods in interstate commerce, such as cleaning supplies, food, tobacco products and other supplies produced and originating from outside the state of New York.

65. Plaintiff CISNEROS' work was supervised and his duties required neither discretion nor independent judgment.

66. Plaintiff CISNEROS regularly worked in excess of 40 hours per week.

67. Plaintiff CISNEROS was employed by the Defendants from approximately June 2020 until the end of December 2020.

68. Plaintiff CISNEROS typically worked five (5) days a week at the following typical and approximate schedule from 2:00 P.M until between 12:00 A.M. and 2:00 A.M.

69. The above represents a fair approximation of Plaintiff CISNEROS' schedule and there were instances when Plaintiff worked more or less than that typical schedule depending on the needs to Defendants' business.

70. Defendants paid Plaintiff CISNEROS a flat day rate of $50.00 per day.

71. Defendants lowered the day rate to $30.00 per day around September 2020.

72. From September 2020 until the end of his employ, the Defendants paid Plaintiff CISNEROS is tips alone on Fridays and Saturdays.

73. Such failure to pay overtime premiums and minimum wages was willful throughout his employ with the Defendants.

74. No proper notification was given to Plaintiff CISNEROS regarding overtime and minimum wages under the FLSA and NYLL for each year he worked or change in rate of pay.

75. Defendants never provided Plaintiff CISNEROS with each payment of wages a proper statement of wages, as required by NYLL 195(3).

76. Defendants failed to provided Plaintiff CISNEROS all of the proper and complete notices in English and in Spanish (Plaintiff CISNEROS'S primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

*Plaintiff HENRI MITCHELLIN SAPON*

77. Throughout his employment with defendants, Plaintiff MITCHELLIN was employed as a hookah assistant, busser and general laborer at the hookah bar located at 28-08 Steinway Street Astoria, NY 11103.

78. Plaintiff MITCHELLIN regularly handled goods in interstate commerce, such as cleaning supplies, food, tobacco products and other supplies produced and originating from outside the state of New York.

79. Plaintiff MITCHELLIN'S work was supervised and his duties required neither discretion nor independent judgment.

80. Plaintiff MITCHELLIN regularly worked in excess of 40 hours per week.

81. Plaintiff MITCHELLIN was employed by the Defendants from November 2018 until February 2021.

82. Plaintiff MITCHELLIN typically worked between four (4) to (5) days a week at the following typical and approximate schedule from 2:00 P.M until between 12:00 A.M. and 4:30 A.M.

83. The above represents a fair approximation of Plaintiff MITCHELLIN'S schedule and there were instances when Plaintiff worked more or less than that typical schedule depending on the needs to Defendants' business.

84. Defendants paid Plaintiff MITCHELLIN a flat day rate of $50.00 per day.

85. Defendants lowered the day rate to $30.00 per day around September 2020.

86. From September 2020 until the end of his employ, the Defendants paid Plaintiff MITCHELLIN in tips alone on Fridays and Saturdays.

87. Such failure to pay overtime premiums and minimum wages was willful throughout his employ with the Defendants.

88. No proper notification was given to Plaintiff MITCHELLIN regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

89. Defendants never provided Plaintiff MITCHELLIN with each payment of wages a proper statement of wages, as required by NYLL 195(3).

90. Defendants failed to provided Plaintiff MITCHELLIN all of the proper and complete notices in English and in Spanish (Plaintiff MITCHELLIN'S primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

91. Plaintiff MITCHILLIN formally complained about the Defendants pay practices around January 5th, 2021 by writing a letter to Defendants about the issue.

92. As a direct response to this letter, the Defendants discharged the Plaintiff.

*Misappropriated Gratuities and Retaliation*

93. Defendants regularly collected gratuities and distributed between 10% and 50% to non-tipped employees who did not provide direct customer service, and managers including the owners themselves on a regular basis.

94. Plaintiffs formally raised complaints with the Defendants regarding the claims raised herein in January 20201.

95. In direct response to those complaints, Defendants discharged Plaintiff MITCHELLIN.

96. Defendants charged a service fee that a reasonable customer would interpret as a gratuity that was retained for the ownership.

10

97. Defendants required Plaintiffs to spend more than the lessor of 20% of their workday or 2 hours performing non-tipped work.

98. Defendants failed to give Plaintiff the proper notices of the tip credit under the FLSA and NYLL.

99. Defendants failed to maintain any proper records regarding the collection and distribution of gratuities.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

100. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

102. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

104. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

106. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

107. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

108. Plaintiffs were individually engaged in interstate commerce.

109. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

110. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

111. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

112. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

114. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

115. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

116. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

118. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

119. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

120. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

121. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

123. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

124. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

125. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

126. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

127. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

128. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

129. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

130. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF FLSA 29 U.S.C. SECTION 215(3) - RETALIATION

131. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if set forth fully herein.

132. Plaintiffs engaged in a protected activity as defined by the FLSA when he complained to Defendants about the manner in which the Defendants paid him.

133. In response to the protected activity, Defendants discharged Plaintiff MITCHELLIN.

134. Defendants' discharge of the Plaintiff constituted retaliation in violation of the Fair Labors Standard Act.

135. Such discharge was willful, malicious and otherwise in bad faith.

136. Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF NYLL SECTION 215(1)(A) - RETALIATION

137. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if set forth fully herein.

138. Plaintiff engaged in a protected activity as defined by the NYLL when he complained to Defendants about the Defendants pay practices.

139. In response to the protected activity, Defendants discharged Plaintiff

MITCHELLIN.

140. Plaintiff served a notice of this action to the Attorney General at or before the commencement of this action.

141. Defendants' discharge of the Plaintiff constituted retaliation in violation of NYLL Section 215(1)(a).

142. Such discharge was willful, malicious and otherwise in bad faith.

143. Plaintiff was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## ILLEGAL DEDUCTIONS FROM WAGES AND GRATUITIES –

## NYLL Section 193 and 196-d

144. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

145. Defendants misappropriated portions of Plaintiffs' gratuities

146. Defendants made improper and illegal deductions from Plaintiffs' pay.

147. Such misappropriation was willful and not in good faith.

148. Plaintiffs were damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

## UNLAWFUL TIP RETENTION UNDER THE FLSA

118. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

149. Defendants misappropriated portions of Plaintiffs' gratuities by distributing gratuities to employees who did not directly service customers including the owners themselves.

150. Such misappropriation was willful and not in good faith.

151. Plaintiffs were damaged in an amount to be determined at trial.

## TWELVETH CAUSE OF ACTION

### UNLAWFUL TIP RETENTION UNDER THE NYLL

119. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

152. Defendants misappropriated portions of Plaintiffs' gratuities.

153. Such misappropriation was willful and not in good faith.

154. Plaintiffs were damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations, the FLSA as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime and minimum wage provisions of,

and rules and orders promulgated under, the NYLL as to Plaintiffs;

 (g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

 (h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

 (i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

 (j) Enjoining Defendants from future violations of the NYLL;

 (k) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

 (l) Awarding Plaintiffs all misappropriated gratuities and 100% liquidated damages;

 (m) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

 (n) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

 (o) Awarding Plaintiffs font pay, back pay, liquidated damages, damages for emotional distress, punitive damages and attorneys' fees and costs under both or either the NYSHRL, FLSA and NYCHRL for Defendants' retaliatory conduct;

 (p) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria New York
October 14th, 2021

By:     */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*